UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TIMMETH GRAYS,

                  Petitioner,                Case No. 1:08-cv-684

v.                                   Honorable Robert Holmes Bell

BLAINE C. LAFLER,

                  Respondent.
_____/

## OPINION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the amended petition must be dismissed because it fails to raise a meritorious federal claim.

**<u>Factual Allegations</u>**

Petitioner Timmeth Grays presently is incarcerated at the Boyer Road Correctional Facility.  After a jury trial, Petitioner was convicted in the Saginaw County Circuit Court of being a felon in possession of a firearm (felon-in-possession), MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MICH. COMP. LAWS § 750.227b.[1]

The Michigan Court of Appeals provided the following summary of relevant facts:

> On August 31, 2005, defendant and another man were observed arguing with each other at a roadway intersection. A police officer who arrived at the intersection testified that defendant fled on foot through a vacant field. The officer later found a gun in defendant's rear pant[']s pocket. Defendant maintained that the other man tried to rob him and, during a struggle, he took the robber's gun away. Defendant asserted that he was running to meet up with the police officer.

(App. A to Pet., docket #1.)

On April 17, 2006, Petitioner was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to a prison term of 30 months to 15 years for the felon-in-possession conviction and a consecutive two-year prison term for the felony-firearm conviction.  Petitioner appealed his convictions to both the Michigan Court of Appeals and Michigan Supreme Court.  The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished per curiam opinion issued on October 9, 2007.  (App. A to Pet.)  On February 19, 2008, the Michigan Supreme Court denied Petitioner's application for leave to appeal because it was not persuaded that the question presented should be reviewed by the court.  (App. B to Pet.)

---

[1]Petitioner was also charged with carrying a concealed weapon, however, the trial court dismissed that charge on May 22, 2006.  (Br. at 1.)

-2-

In his amended application for habeas corpus relief, Petitioner raises the following five grounds for habeas corpus relief: (1) Petitioner was denied the effective assistance of counsel when counsel failed to (a) request a momentary innocent possession instruction as a defense to Petitioner's possession of a gun, (b) move for the suppression of Petitioner's statements to the police, and (c) have a bottle independently examined for Petitioner's fingerprints; (2) the trial court violated Petitioner's due process and equal protection rights by denying his motion to dismiss after the prosecutor failed to produce a res gestae witness; (3) the trial court violated Petitioner's due process and equal protection rights by failing to award a sentence credit for time served; (4) the trial court violated Petitioner's rights because his sentence for the felon-in-possession conviction was disproportionate and failed to reflect the support of his family and his potential for rehabilitation; and (5) the trial court erred by improperly sentencing Petitioner as a fourth habitual offender. Petitioner raised all of his grounds for habeas corpus relief in the Michigan appellate courts. Therefore, his claims are exhausted.

## Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved

an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). "Yet, while the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing

*Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699.  Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656.  This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court.  *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).  Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

## Discussion

### I.    Ineffective Assistance of Counsel

Petitioner claims that he was denied the effective assistance of counsel when trial counsel failed to (a) request a momentary innocent possession instruction as a defense to Petitioner's possession of a gun, (b) move for the suppression of Petitioner's statements to the police, and (c) have a bottle independently examined for Petitioner's fingerprints.

-5-

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691. A claim of ineffective assistance of counsel presents a mixed question of law and fact. Accordingly, the Court must apply the "unreasonable application" prong of § 2254(d)(1). *See Barnes v. Elo*, 339 F.3d 496, 501 (6th Cir. 2003).

A.    Jury Instruction

Petitioner first asserts that defense counsel was ineffective for failing to request a momentary innocent possession instruction regarding Petitioner's possession of a gun. Applying the

*Strickland* standard,[2] the Michigan Court of Appeals addressed Petitioner's claim of ineffective

assistance as follows:

> Defendant first argues that defense counsel was ineffective in several respects. Because defendant failed to move for a new trial on this issue or request an evidentiary hearing, our review is limited to mistakes apparent from the record. *People v. Mack*, 265 Mich App 122, 125; 695 NW2d 342 (2005). Effective assistance of counsel is presumed and defendant bears a heavy burden of proving otherwise. *People v. Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). To establish ineffective assistance of counsel, defendant must show that counsel's deficient performance denied him the Sixth Amendment right to counsel, and that but for counsel's errors, the result of the proceedings would have been different. *Id.* at 663-664.

> Relying on *People v. Coffey*, 153 Mich App 311, 315; 395 NW2d 250 (1986), defendant first argues that counsel was ineffective for failing to request a momentary innocent possession instruction as a defense to his possession of the gun. In *Coffey*, this Court held that "momentary or brief possession of a weapon resulting from the disarming of a wrongful possessor is a valid defense against a charge of carrying a concealed weapon [CCW] if the possessor had the intention of delivering the weapon to the police at the earliest possible time." But in *People v. Hernandez-Garcia*, 266 Mich App 416; 701 NW2d 191 (2005), aff'd 477 Mich 1039 (2007), this Court held that no such defense to CCW existed because the offense was a general intent crime. Although defendant urges this Court to follow the reasoning in *Coffey*, our Supreme Court in affirming this Court's decision in *Hernandez-Garcia*, expressly overruled *Coffey*. 477 Mich 1040, n 2. Our Supreme Court stated that the general intent required of the CCW statute did not extend to the reason why the defendant carried the concealed weapon. *Id.* at 1040 n 1.

> The felon-in-possession statute prohibits a person convicted of a felony from possessing a firearm. MCL 750.224f. Thus, it is a general intent crime. *See People v. Fennell*, 260 Mich App 261, 266; 677 NW2d 66 (2004) (a general intent crime requires only the intent to perform the physical act itself). Felony-firearm is also a general intent crime. *People v. Burgess*, 419 Mich 305, 308; 353 NW2d 444 (1984). Because momentary innocent possession is not a defense to a general intent crime, defense counsel neither erred nor deprived defendant of a reliable fair trial by not requesting the instruction. *Solmonson*, *supra* at 663, 667-668.

---

[2]The Michigan Court of Appeals cited only Michigan case law. However, the appellate court specifically discussed the issue as a Sixth Amendment claim and it applied the same standard articulated in *Strickland*.

(Oct. 9, 2007 Mich. Court of Appeals' Op. (MCOA Op.) at 1-2, App. A to Pet., docket #1.)  Petitioner

cannot show that his counsel was ineffective for failing to raise the momentary innocent possession

instruction as a defense at his trial.  A request for a momentary innocent possession instruction by trial

counsel would have been both frivolous and futile.  Momentary innocent possession is simply not a

defense in this case. (MCOA Op. at 2.)  (*Id.*)  A habeas court is bound by a state court's holding on

state law. *See Thompson v. Beck*, 215 F. App'x 431, 436 (6th Cir. 2007).  Counsel cannot be deemed

ineffective for failing to request an instruction that is unwarranted under state law, as counsel has no

constitutional duty to raise futile or meritless arguments.  *See Ludwig v. United States*, 162 F.3d 456,

459 (6th Cir. 1998).  This claim therefore fails the first prong of the *Strickland* standard.  The

Michigan Court of Appeals' conclusion regarding defense counsel's performance was a reasonable

application of established Supreme Court precedent.

## B.   Motion to Suppress

Petitioner argues that his trial counsel was ineffective for failing to move to suppress

Petitioner's statements to the police in the trial court.  Petitioner contends that the trial court's record

did not indicate whether he was advised of his *Miranda*[3] rights or whether his statements were given

voluntarily.  Because there was no evidence in the record of the trial court, Petitioner alleges that it

was clear his statements were made in violation of *Miranda*.  (Br. at 15, docket #2.)  Petitioner,

however, does not state that he did not receive his *Miranda* rights.  He only claims that affirmative

proof of the delivery of his *Miranda* rights was not on the record.  Specifically, Petitioner argues:

> Here, the record shows that beyond any doubt the defendant was in custody when the
> police questioned him after they arrested him.  The record is silent on whether the

---

[3]*See Miranda v. Arizona,* 384 U.S. 436 (1966).

defendant was given [] his *Miranda* rights.  With no evidence to the contrary, it is clear the statements were made in violation of *Miranda*.

(*Id.*)

> The Michigan Court of Appeals rejected Petitioner's claim as follows:

Defendant also argues that counsel was ineffective for not moving to suppress defendant's police statements.  Defendant asserts that his statements were inadmissible because the record does not indicate whether he was advised of his *Miranda* rights or that his statements were given voluntarily.  But it is incumbent on defendant to establish factual support for his ineffective assistance of counsel claim. There being no indication in the record that defendant's statements were either involuntary or taken in violation of *Miranda*, there is no basis for concluding that defense counsel was ineffective for not filing a motion to suppress.

(MCOA Op. at 2.)

The state court of appeals correctly found that in the absence of some proof that Petitioner's *Miranda* rights were indeed violated, Petitioner cannot show prejudice arising from counsel's failure to file a suppression motion.  The law presumes the effective assistance of counsel. Even in this court, Petitioner advances no reason to conclude that a suppression motion might have been meritorious.  Accordingly, the decision of the Michigan Court of Appeals was not an unreasonable application of *Strickland*.

C.     Fingerprint Identification

Petitioner argues that he was denied the effective assistance of counsel when counsel failed to have a whiskey bottle independently examined for fingerprints.  Petitioner alleges that the robber threw the whiskey bottle in Petitioner's car.  (Br. at 16.)  The Michigan Court of Appeals addressed Petitioner's claim as follows:

Defendant also argues defense counsel was ineffective because he failed to have a bottle defendant claimed the alleged robber threw into defendant's car tested for fingerprints by an independent examiner and have the results compared to the police

-9-

database to determine the identity of the robber. Because the existence and identification of fingerprints on the bottle were not relevant to whether defendant possessed the firearm, defendant was not prejudiced by counsel's failure to file a motion for an independent examination of the bottle.

(MCOA Op. at 2.)

It is well established that "[c]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. The duty to investigate derives from counsel's basic function, which is "to make the adversarial testing process work in the particular case." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986) (quoting *Strickland,* 466 U.S. at 690). "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691. "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000); *accord Clinkscale v. Carter*, 375 F.3d 430, 443 (6th Cir. 2004). Counsel's decision to forego the testing of the whiskey bottle was reasonable. The bottle was not relevant as to whether Petitioner possessed the firearm.[4] Both of Petitioner's convictions stemmed from the fact that he possessed a firearm. The Michigan Court of Appeals' decision therefore was not an unreasonable application of Supreme Court law.

---

[4] In his brief regarding this ineffective assistance of counsel claim, Petitioner also argues that he was denied the right to present a defense under the Sixth and Fourteenth Amendments. *See Crane v. Kentucky*, 476 U.S. 683, 690 (1986) ("whether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense'") (internal citations omitted). However, an accused in a criminal case does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence. *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996). Petitioner's claim is without merit because the whiskey bottle was not relevant as to whether he possessed the firearm.

II.      **Res Gestae Witness**

In his second ground for habeas corpus relief, Petitioner asserts that the trial court violated his rights under the Due Process, Equal Protection, and Confrontation Clauses and the Sixth Amendment by (a) denying his motion to dismiss after the prosecutor failed to produce a res gestae witness and by (b) failing to give the jury a missing witness instruction.  Petitioner also asserted an ineffective assistance of counsel claim because trial counsel failed to secure the presence of the res gestae witness at his trial.  The Michigan Court of Appeals rejected Petitioner's claims as follows:

> Defendant argues that the trial court erred in denying his motion to dismiss when the prosecutor failed to produce a res gestae witness, Jaylysa Trayleor, for trial. Defendant also argues that the trial court erred by failing to give a missing witness instruction. This Court reviews a trial court's decision on a motion to dismiss for an abuse of discretion. *People v. Stone*, 269 Mich App 240, 242; 712 NW2d 165 (2005). An abuse of discretion occurs when the trial court's decision falls outside of the range of reasonable and principled outcomes. *People v. Babcock*, 469 Mich. 247, 269; 666 NW2d 231 (2003).
>
> The prosecutor has an obligation to inform the defense of all res gestae witnesses and notify the defense of all witnesses he intends to call at trial.  MCL 767.40a(1) and (3). On the information, the prosecution endorsed Trayleor as a witness it intended to produce at trial.  But in two subsequent amended witness lists filed more than thirty days before trial, the prosecution gave notice it did not intend to produce Trayleor as a witness at trial.  *See* MCL 767.40a(3) and (4).  Although the prosecution attempted to re-endorse Trayleor on a third amended witness list filed five days before trial, defendant objected to this witness list.  The trial court did not allow it to be filed. Because Trayl[e]or was not endorsed on the last filed witness list, the prosecutor had no duty to produce her for trial.  *People v. Paquette*, 214 Mich App 336, 343; 543 NW2d 342 (1995).  This record does not reveal a circumstance where a missing witness instruction might be appropriate.  *People v. Perez*, 469 Mich 415, 418-421; 670 NW2d 655 (2003).
>
> Defendant's reliance on *Brady v. Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963), is misplaced.  Because the prosecutor notified defendant that Trayleor was a res gestae witness, he did not suppress her testimony, a necessary element of a Brady violation.  *People v. Lester*, 232 Mich App 262, 281; 591 NW2d 267 (1998).

-11-

We also reject defendant's related claim that defense counsel was ineffective for failing to otherwise secure Trayleor's presence at trial. Defense counsel asserted that Trayleor could identify the other man involved in a confrontation with defendant. However, defendant never indicated that Trayleor would testify that she saw this other person attempt to rob defendant, and Trayleor allegedly told the police that she saw defendant retrieve a gun from his car. Moreover, even if Trayleor could identify the other person, her testimony would not have affected the undisputed evidence that defendant possessed a firearm. Because felon[-]in[-]possession and felony-firearm are general intent crimes, it was immaterial whether defendant obtained the gun from the other person as he claimed.

(MCOA Op. at 3-4.)

There is no clearly established Supreme Court law recognizing a constitutional right to a res gestae witness. *See Atkins v. Foltz*, 856 F.2d 192, 1988 WL 87710, at *2 (6th Cir. Aug. 24, 1988) (citing *United States v. Bryant*, 461 F.2d 912, 916 (6th Cir. 1972)) ("[U]nder federal law, there is no obligation on the part of the prosecutor to call any particular witness unless the government has reason to believe that the testimony would exculpate the petitioner.") Petitioner argues that the prosecution's failure to call the res gestae witness violated the Supreme Court's holding in *Brady v. Maryland*, 373 U.S. 83 (1963). Under *Brady*, "suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material, either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. The Supreme Court has held that "[t]here are three components of a true *Brady* violation: [t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Prejudice (and materiality) is established by showing that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 281 (*quoting United*

*States v. Bagley*, 473 U.S. 667, 682 (1985)).   *Brady* is concerned only with cases in which the government possesses information which the defendant does not, and the government's failure to disclose the information deprives the defendant of a fair trial.   Reversal is only required, therefore, where "there is a 'reasonable probability' that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985).   Furthermore, the *Brady* rule only applies to "the discovery, after trial, of information which had been known to the prosecution but unknown to the defense."  *United States v. Agurs*, 427 U.S. 97, 103 (1976) (emphasis added).

   The Michigan Court of Appeals rejected Petitioner's *Brady* claim because the prosecutor notified Petitioner of the res gestae witness, Jaylysa Trayleor, and, thus, did not suppress her testimony.  (MCOA Op. at 3.)  Even assuming the evidence was exculpatory, Petitioner cannot establish a *Brady* violation because the evidence was disclosed by the prosecution before the start of the trial.  *Brady* applies when the prosecution completely fails to disclose.  *United States v. Blackwell*, No. 05-4588, 2006 WL 2471965, at *11 (6th Cir. Aug. 29, 2006) (citing *United States v. Blood,* 435 F.3d 612, 627 (6th Cir. 2006)).   Petitioner knew of the res gestae witness before the trial because the prosecutor initially endorsed Trayleor as a witness.  (MCOA Op. at 3.)  In two subsequent amended witness lists the prosecution also notified the defense that it did not intend to produce Trayleor as a witness.  (*Id.*)  Because Petitioner was not entitled to the res gestae witness, his related claim that the trial court failed to give a missing witness instruction to the jury also fails because it did not result in a denial of Petitioner's due process rights.  Accordingly, the Michigan Court of Appeals' decision was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

To the extent Petitioner argues that his trial counsel was ineffective for failing to secure Trayleor's presence at trial, Petitioner's claim fails. Petitioner cannot overcome the presumption that the challenged action was sound trial strategy. *Strickland*, 466 U.S. at 689 (citing *Michel*, 350 U.S. at 101); *see also Nagi*, 90 F.3d at 135. As the Michigan Court of Appeals noted, Trayleor's testimony would not have affected the undisputed evidence that Petitioner possessed a gun. (MCOA Op. at 4.) Trayleor told the police that she saw defendant retrieve a gun from his car. (*Id.*) Therefore, there is no reason to believe that Trayleor's testimony would have altered the outcome of the trial. Accordingly, Petitioner failed to show that the Michigan Court of Appeals' decision was an unreasonable application of *Strickland*.

### III.   Jail Credit

In his third ground for habeas corpus relief, Petitioner argues that the trial court violated his rights under the Due Process Clause, Equal Protection Clause and "other protected rights" when it failed to award a sentence credit for time served. (Br. at 23.) The Michigan Court of Appeals addressed this issue as follows:

> Lastly, defendant argues that the trial court erred by failing to award sentence credit pursuant to MCL 769.11b. We disagree. Defendant was on parole when he committed the instant offenses. "When a parolee is arrested for a new criminal offense, he is held on a parole detainer until he is convicted of that offense, and he is not entitled to credit for time served in jail on the sentence for the new offense." *People v. Seiders*, 262 Mich App 702, 705; 686 NW2d 821 (2004). Contrary to what defendant argues, the failure to apply sentence credit against defendant's new sentences does not implicate the state and federal Double Jeopardy Clauses, and this Court has already held that application of MCL 791.238 does not constitute cruel and unusual punishment or violate a defendant's due process or equal protection rights. *People v. Stewart*, 203 Mich App 432, 434; 513 NW2d 491 (1994). Defendant does not develop his Ninth Amendment argument; consequently, we deem this issue abandoned. *People v. Martin*, 271 Mich App 280, 315; 721 NW2d 815 (2006).

(MCOA Op. at  5.)

-14-

With respect to the trial court's failure to award a sentencing credit, the Michigan Court of Appeals found that there was no violation of state law. The determination of state law is binding on this Court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") A federal court may grant a writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). Therefore, violations of state law and procedure, which do not infringe specific federal constitutional protections, are not cognizable claims under Section 2254. *Estelle*, 502 U.S. 62, 67-68. A prisoner has no right under the federal constitution to earn or receive sentencing credits. *See Moore v. Hofbauer*, 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001) (citing *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992)). Because Petitioner's claim challenges the interpretation and application of state crediting statutes, the claim is not cognizable on federal habeas review. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003).

IV.   **Sentencing Errors**

In his fourth ground for habeas corpus relief, Petitioner argues that the trial court violated the United States and Michigan Constitutions by sentencing him to a disproportionate prison term of 30 months to 15 years. (Br. at 27-28.) In his brief, Petitioner asserts that the trial court should have considered the strong support of his family, his addiction to drugs and alcohol, and Petitioner's potential for rehabilitation when he was sentenced. (*Id.* at 28-29.) He further claims that his maximum sentence was increased based upon facts that were not found by a jury beyond a reasonable doubt. The Michigan Court of Appeals analyzed Petitioner's sentencing claims as follows:

-15-

Defendant argues that his sentence for the felon in possession of a firearm conviction is disproportionate and fails to reflect his family support and rehabilitative potential. The sentencing guidelines range for defendant's felon-in-possession conviction was 10 to 46 months. The trial court sentenced defendant with[in] that range to a term of 30 months to 15 years' imprisonment. Therefore, under MCL 769.34(10), this Court must affirm defendant's sentence absent the trial court['] erroneous[] scoring of the guidelines or using inaccurate information in determining the sentence. *People v. Kimble*, 470 Mich 305, 310-311; 684 NW2d 669 (2004).

Defendant does not allege a specific scoring error, but argues that the trial court violated the principles announced in *United States v. Booker*, 543 US 220; 125 S Ct 738; 160 L Ed 2d 621 (2005), and *Blakely v. Washington*, 542 US 296; 124 S Ct 2531; 159 L Ed 2d 403 (2004), cases in which the United States Supreme Court struck down as violative of the Sixth Amendment a determinate sentencing scheme that allowed the sentencing judge to increase a defendant's maximum sentence on the basis of facts that were not reflected in the jury's verdict or admitted by the defendant. As defendant recognizes, however, our Supreme Court has determined that *Blakely* and *Booker* do not apply to Michigan's indeterminate sentencing scheme. *People v. Drohan*, 475 Mich 140, 164; 715 NW2d 778 (2006). Our Supreme Court has again recently reaffirmed that Michigan's intermediate sentencing scheme is unaffected *by Blakely* principles. *People v. McCuller*, 479 Mich 672, 676-678, 698; --- NW2d ---- (2007). This Court is bound by our Supreme Court's determination. *People v. Tierney*, 266 Mich App 687, 713; 703 NW2d 204 (2005).

We reject defendant's argument that his sentence was not based on accurate information because the trial court failed to consider his strong family support and his addiction to drugs and alcohol. Defendant's family support was addressed in the presentence report, which was available to the trial court. Defendant did not object to the accuracy of that information. Additionally, there was no evidence that defendant had any diagnosed addictions, but the presentence report accurately reported that defendant had a history of substance abuse and had been in treatment centers in the past. Contrary to what defendant asserts, the trial court was not required to order an assessment of defendant's rehabilitative potential through intensive substance abuse and psychiatric treatment under MCR 6.425(A)(5). This court rule only states that the presentence report must include, if appropriate, a defendant's medical and substance abuse history and a current psychological or psychiatric report if indicated. The presentence report noted defendant's medical and substance abuse problems and stated that defendant had not been diagnosed with any mental issues. Thus, it complied with MCR 6.425(A)(5).

(MCOA Op. at 4.)

-16-

A.     Proportionality

Petitioner's proportionality claim arises under state law.  Petitioner claims that his sentence for the felon-in-possession conviction was disproportionate to the offense, and, thus, violates his Eighth Amendment right against cruel and unusual punishment.  Under the Michigan Supreme Court's decision in *People v. Milbourn*, 461 N.W.2d 1, 9-10 (Mich. 1990), the sentencing court must exercise its discretion within the bounds of Michigan's legislatively prescribed sentence range and pursuant to the intent of Michigan's legislative scheme of dispensing punishment according to the nature of the offense and the background of the offender.  It is plain that *Milbourn* was decided under state, not federal, principles.  *See Lunsford v. Hofbauer*, No. 94-2128, 1995 WL 236677, at *2 (6th Cir. Apr. 21, 1995); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994).  In addressing a claim that a sentence violated *Milbourn* proportionality, the Sixth Circuit stated that the issue was a matter of state law and that there was "no violation of a constitutional right because the United States Constitution contains no strict proportionality guarantee." *Lunsford*, 1995 WL 236677, at *2 (citing *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), and *United States v. Hopper*, 941 F.2d 419, 422 (6th Cir. 1991)); *Terry v. Trippett*, No. 94-2077, 1995 WL 469424, at *1 (6th Cir. Aug. 7, 1995) (same).  Thus, Petitioner's proportionality claim is solely an issue of state law that is not cognizable in a habeas corpus action.

To the extent Petitioner seeks to raise a claim under the Eighth Amendment, it is without merit.  The United States Constitution does not require strict proportionality between a crime and its punishment.  *Harmelin*, 501 U.S. at 965; *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000).  "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583.  A sentence that falls within the maximum penalty authorized

-17-

by statute "generally does not constitute 'cruel and unusual punishment.'"  *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Furthermore, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).  Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence falls within the maximum penalty under state law.  *See* Mich. Comp. Laws § 769.12(b).  Therefore, Petitioner's sentence does not run afoul of the Eighth Amendment's ban of cruel and unusual punishment.

B.    Improper Scoring of Sentencing Guidelines

In his brief, Petitioner argues that the trial court improperly scored his sentencing guidelines by failing to consider the strong support of his family, his addiction to drugs and alcohol, and Petitioner's potential for rehabilitation.  (Br. at 28-29.)  Claims concerning the improper scoring of sentencing guidelines are state law claims and are typically not cognizable in habeas corpus proceedings.  *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law).  A criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v.*

*Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

C.    *Blakely* Claim

Petitioner's *Blakely* claim is also without merit.    Petitioner, citing *Blakely v. Washington,* 542 U.S. 296 (2004), argues that the Court impermissibly scored his sentencing guidelines based on facts not found by the jury but by the judge in violation of his Sixth Amendment rights.

*Blakely* concerned the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge.    *Blakely*, 542 U.S. at 303.    Applying the Washington mandatory sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant.    The Supreme Court held that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.    *Id.* at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term.    The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789-91 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.*; *see also People v. Babcock*, 666 N.W.2d 231, 236 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)).

-19-

Therefore, under Michigan law, the trial judge sets the minimum sentence (within a certain range), but can never exceed the maximum sentence. *Drohan,* 715 N.W.2d at 789.

Because the trial court can never exceed the maximum sentence set by statute, Michigan's indeterminate sentencing scheme, unlike the determinate sentencing scheme at issue in *Blakely*, does not infringe on the province of the finder of fact, and, thus, does not run afoul of *Blakely*. *See Blakely,* 542 U.S. at 304-05, 308-09. The trial court in the present case sentenced Petitioner well within the bounds of Michigan's indeterminate sentencing scheme. Therefore, the trial court did not violate his Sixth Amendment rights. *See, e.g., Gray v. Bell*, No. 1:06-cv-611, 2007 WL 172519, at *3 (W.D. Mich. Jan. 19, 2007)*; Pettiway v. Palmer,* No. 1:06-cv-132, 2006 WL 1430062, at *1 (W.D. Mich. May 23, 2006); *Stanley v. Jones,* No. 1:06-cv-49, 2006 WL 1459832, at *2 (W.D. Mich. May 23, 2006); *Jones v. Trombley*, No. 2:07-cv-10139, 2007 WL 405835, at *3 (E.D. Mich. Jan. 31, 2007)*; Mays v. Trombley*, No. 2:06-cv-14043, 2006 WL 3104656, at *3 (E.D. Mich. Oct. 31, 2006); *Worley v. Palmer,* No. 2:06-cv-13467, 2006 WL 2347615, at *2 (E.D. Mich. Aug. 11, 2006); *George v. Burt*, No. 2:04-cv-74968, 2006 WL 156396, at *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee*, No. 2:04-cv-73695, 2005 WL 1343060, at *3 (E.D. Mich. June 1, 2005). Petitioner, therefore, is not entitled to relief from the sentence imposed by the trial court.

The Michigan Court of Appeals' decision regarding all of the above sentencing claims was neither contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Accordingly, Petitioner is not entitled to habeas relief on his sentencing claims.

-20-

## V.      Fourth Habitual Offender

In his fifth ground for habeas corpus relief, Petitioner argues that the trial court improperly sentenced him as a fourth habitual offender under MICH. COMP. LAWS § 769.12.  The Michigan Court of Appeals rejected Petitioner's claim as follows:

> We also reject defendant's argument that he was improperly sentenced as a fourth-felony habitual offender.  The presentence report indicates that defendant has prior felony convictions for delivery of less than 50 grams of cocaine, MCL 333.7401(2)(a)(iv), felon in possession of a firearm, MCL 750.224f, and attempted jail escape, MCL 750.195(1), each arising from a separate criminal transaction.  All three offenses are punishable by imprisonment for more than one year and are expressly designated as felonies in the respective statutes.  Therefore, they qualify as felonies for purposes of habitual offender sentencing. MCL 761.1(g).
>
> Defendant asserts that, according to the presentence report, the delivery of cocaine charge was actually "nolle prossed" on January 3, 1995, leaving only two prior felony convictions.  Although the presentence report indicates that a charge of possession of less than 25 grams of cocaine was "nolle prossed" on January 3, 1995, it indicates that defendant pleaded guilty to an additional charge of delivery of less than 50 grams of a controlled substance on that same date and was sentenced to 3 to 20 years' imprisonment.  Thus, there is no merit to this issue.  FN2
>
> FN2. Accordingly, we also reject defendant's related claim that defense counsel was ineffective for failing to object to his habitual offender fourth status.

(MCOA Op. at 5.)

In his brief, Petitioner argues that the trial court improperly assessed him as a fourth felony offender based on a 1994 charge of delivering less than fifty grams of cocaine.  (Br. at 36-37.) Petitioner argues that the cocaine charge did not result in a conviction.   As a result, Petitioner states that he only had two prior felony convictions and should not have been sentenced as a fourth habitual offender.  Petitioner finally argues that he received the ineffective assistance of trial counsel when counsel did not object to Petitioner's enhanced sentence.  (*Id.* at 37.)

-21-

Once again, Petitioner's concerns regarding his sentence as a fourth habitual offender are state law claims. As stated above, claims concerning the improper scoring of sentencing guidelines are state law claims and are typically not cognizable in habeas corpus proceedings. *See Hutto*, 454 U.S. at 373-74; *Austin*, 213 F.3d at 301-02; *Cheatham*, 1993 WL 478854, at *2; *Cook*, 56 F. Supp. 2d at 797. While the Michigan Court of Appeals noted that a charge of possession of less than 25 grams of cocaine was "nolle prossed"[5] on January 3, 1995, it indicates that Petitioner pleaded guilty to an additional charge of delivering less than 50 grams of a controlled substance on that same date and was sentenced to 3 to 20 years' imprisonment. (MCOA Op. at 5, App. D to Pet., docket #1.) Therefore, the trial court did not rely on material "misinformation of [a] constitutional magnitude" in imposing Petitioner's sentence. *See United States v. Tucker,* 404 U.S. 443, 447 (1972). Accordingly, the Michigan Court of Appeals' decision was neither contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

Because Petitioner was not entitled to relief for sentencing him as a fourth habitual offender, trial counsel's failure to object to Petitioner's enhanced sentence was objectively reasonable. Once again, counsel is not required to raise futile or meritless arguments. Counsel's failure to make a frivolous or meritless motion does not constitute ineffective assistance of counsel. Accordingly, the decision of the Michigan Court of Appeals was not an unreasonable application of *Strickland*.

---

[5]Black's Law Dictionary defines *nolle prosequi* as a "legal notice that a lawsuit or prosecution has been abandoned." Black's Law Dictionary (8th ed. 2004).

-22-

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack*

*v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:      November 25, 2008            /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE